IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 7, 2009

Charles R. Fulbruge III
Clerk

No. 07-41229
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MARCUS TREMAIN ARNOLD

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:04-CR-76-ALL

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Marcus Tremain Arnold appeals the 168-month guidelines sentence he received after he was resentenced for possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Following United States v. Booker, 543 U.S. 220 (2005), sentences are reviewed for reasonableness in light of the sentencing factors in § 3553(a). United States v. Mares, 402 F.3d 511, 519-20 (5th Cir. 2005). Pursuant to Gall v. United States, 128 S. Ct. 586, 596-97

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(2007), this court must determine whether the sentence imposed is procedurally sound. If the district court committed no significant procedural error, this court "considers the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Id. at 597.

Arnold argues that the district court assigned him the wrong base offense level because, effective November 1, 2007, an amendment to the Guidelines lowered base offense levels for crack. The district court applied the 2007 Sentencing Guidelines, which contained the amendment that lowered base offense levels for crack. The district court correctly determined that, even after the amendment, the marijuana equivalency for the crack and the other drugs Arnold possessed yielded a base offense level of 32. See U.S.S.G. §§ 2D1.1(c)(4), 2D1.1, comment. (n.10(D)(i)).

Arnold also asserts that his sentence is unreasonable because the 100:1 ratio of powder cocaine to cocaine base used to sentence offenses like his contravenes the sentencing objectives of 18 U.S.C. § 3553. The district court, however, sentenced Arnold under the 2007 Sentencing Guidelines which eliminated that ratio. See United States v. Burns, 526 F.3d 852, 861 (5th Cir. 2008).

As set forth above, the district court correctly calculated Arnold's offense level. Arnold does not argue that the district court otherwise miscalculated his range of imprisonment, treated the Guidelines as mandatory, failed to consider the § 3553(a) factors, or failed to explain its sentence. The record reflects that the district court committed no procedural error. See Gall, 128 S. Ct. at 597.

To the extent that Arnold challenges the substantive reasonableness of his sentence and the district court's refusal to depart downward in light of Kimbrough v. United States, 128 S. Ct. 558 (2007), his challenges are without merit. As already noted, the district court sentenced Arnold to a guidelines sentence. A discretionary sentence imposed within a properly calculated

2

guidelines range is presumptively reasonable. United States v. Campos-Maldonado, 531 F.3d 337, 338 (5th Cir.), cert. denied, 129 S. Ct. 328 (2008).

Although the district court in the instant case could have imposed a below guidelines sentence without abusing its discretion, nothing in Kimbrough interfered with its discretion to impose a guidelines sentence. See Kimbrough, 128 S. Ct. at 575. Moreover, nothing in the record suggests that the district court wanted to impose a different sentence but felt constrained by this court's precedent or any guidelines policy statement. The record as a whole suggests that the court freely exercised its full discretion under the advisory guidelines system in light of § 3553(a).

Accordingly, Arnold's sentence is AFFIRMED.